STEVEN D. RUBIN (Bar No. 149975)
steve@rubinattorneys.com
THE LAW OFFICE OF STEVEN D. RUBIN
A PROFESSIONAL CORPORATION
1912 Broadway, Suite 105
Santa Monica, California 90404
Tel. (310) 453-7812
Fax. (310) 496-1686

Attorney for Plaintiff,
Zyppah, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZYPPAH, INC., a Nevada corporation,<br><br>                 Plaintiff,<br><br>v.<br><br>ZYPPAH DIRECT, an unknown business entity, Anthony Michael Mitchell aka Anthony Mitchell, an individual, and DOES 1 TO 50, inclusive,<br><br>                 Defendants. | **CASE NO.:**  2:19-cv-03192-DSF-E<br><br>**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:**<br><br>1. **Trademark infringement and counterfeiting (15 U.S.C. § 1114);**<br>2. **False Designation of Origin (15 U.S.C. § 1125(a));**<br>3. **Claim for Injunctive Relief Under the Anticybersquatting Consumer Protection Act (15 U.S.C. § 1125(d));**<br>4. **Violation of California Unfair Competition Act (Cal. Bus. & Prof. Code § 17200);**<br>5. **Civil Conspiracy**<br><br>**(DEMAND FOR JURY TRIAL)** |

## FIRST AMENDED COMPLAINT

Plaintiff Zyppah, Inc., a Nevada corporation ("Zyppah") hereby brings the present action against Zyppah Direct, an unknown entity ("Zyppah Direct"), Anthony Michael Mitchell aka Anthony Mitchell, an individual, and Defendants DOES 1-50 (collectively, "Defendants"), and alleges as follows:

## I. JURISDICTION AND VENUE

1.     This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 et seq. 28 U.S.C. § 1338(a)–(b) and 28 U.S.C. § 1331. This Court has jurisdiction over the claims in this action that arise under the laws of the State of California pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

2.     Venue is proper in this Court pursuant 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in California and causes harm to Zyppah's business within this Judicial District. Through the fully interactive commercial Internet website operating under the domain name <zyppahdirect.com> and/or the online marketplace account of the same name (collectively, the "Defendant Internet Stores"), each of the Defendants has targeted and solicited sales from California residents by operating online stores that offer shipping to California, accept payment in U.S. dollars and, on information and belief, has sold counterfeit Zyppah products to residents of California. Each of the Defendants is committing tortious acts in California, is engaging in interstate

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
0003.1-ZYP (First Amended Complaint)

commerce, and has wrongfully caused Zyppah substantial injury in the State of California.

## II. INTRODUCTION

3.      This action has been filed by Zyppah to combat the past and continued unlawful use of the Defendant Internet Stores which trade upon Zyppah's reputation and goodwill by selling and/or offering for sale unlicensed and counterfeit products featuring the Zyppah trademark. Zyppah has been and continues to be irreparably damaged through consumer confusion, dilution, and tarnishment of its valuable Zyppah trademark as a result of Defendants' actions and seeks injunctive and monetary relief.

## III. THE PARTIES

**Plaintiff**

4.      Plaintiff Zyppah is well-known throughout the United States and elsewhere as the manufacturer and source of the Zyppah hybrid oral appliance with Zyppah's patented tongue elastic, that ends snoring by addressing the root cause, the tongue (the "Zyppah Mouthpiece"). The Zyppah Mouthpiece is distributed and sold to consumers throughout the United States through the <zyppah.com> website, telephone order lines, and Sleep Certified® dentists and physicians.

5.      Since acquiring the Zyppah trademark and the goodwill of the business in 2012, Zyppah has continuously sold the Zyppah Mouthpiece under the Zyppah trademark (the "Zyppah Trademark"). Zyppah has built substantial goodwill in the Zyppah Trademark. The Zyppah Trademark is famous and a valuable asset of Zyppah.

6.      Zyppah's founder, Jonathan Greenburg, DDS ("Dr. Greenburg"), holds registrations for the Zyppah Trademark (and stylized and related variations

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
0003.1-ZYP (First Amended Complaint)

thereof) in the United States, including U.S. Trademark Registration No.'s 4,269,506. The Zyppah Trademark has been used continuously since at least as early as 2012. A true and correct copy of United States Registration No. 4,269,506 is attached hereto as Exhibit 1. This registration is valid and subsisting. By permission of Dr. Greenburg, Zyppah has the exclusive right to use the registered trademarks, including the Zyppah Trademark.

7.      The Zyppah Trademark is distinctive when applied to oral appliances for the prevention of snoring, signifying to the purchaser that the products come from Zyppah and are manufactured to Zyppah's quality standards. Whether Zyppah manufactures the products itself or licenses others to do so, Zyppah has ensured that products bearing its trademarks are manufactured to the highest quality standards. Zyppah's products branded under the Zyppah Trademark have been widely accepted by the public and are enormously popular as demonstrated by over ten million dollars in sales last year. In view of its popularity, the Zyppah Trademark is a famous mark.

**The Defendants**

8.      Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States, including within the State of California and this Judicial District, through the operation of the fully interactive commercial websites operating under the Defendant Internet Stores. Each Defendant targets California residents and has offered to sell, and on information and belief, has sold and continues to sell his/her/its products to consumers within the State of California. On information and belief Defendant Anthony Michael Mitchell is believed to be an individual residing in Nevada with

an address at 705 Respectful Ridge Ct. Henderson, NV 89012 with potential additional addresses at 1124 Plantation Ct. Apt B, Las Vegas, Nevada, 89117; 362 Eveningside Avenue, Henderson, Nevada, 89012; 367 Eveningside Avenue, Henderson, Nevada, 89012; 1680 Amador Lane, Henderson, Nevada, 89012; C/O Bail Bond Recovery, LLC, 270 Single Petal Street, Henderson, Nevada, 89074. Mr. Mitchell is also believed to live from time to time in Mexico. Mr. Mitchell is also believed to run his business operations relating to this lawsuit at the following address: 3501 Jack Northup Ave, Suite #KV342 Hawthorne, CA 90250.

9.     On information and belief, Defendants are an interrelated group of counterfeiters acting in active concert or copying from each other and are knowingly and willfully manufacturing, importing, distributing, offering for sale, and selling products bearing counterfeit versions of the Zyppah Trademark to California residents. Defendants are directly and personally contributing to, inducing, and engaging in the sale of counterfeit Zyppah products as alleged herein, and on information and belief, oftentimes as partners, co-conspirators, and/or suppliers in the same transaction, occurrence, or series of transactions or occurrences. The counterfeit products for sale on the Defendant Internet Stores bear similar irregularities and indicia of being counterfeit to one another, indicating that the counterfeit products were manufactured by and come from a common source and that Defendants are interrelated. In addition, the websites linked to the Defendant domain name <zyppahdirect.com> include multiple similarities, such as page layout, payment methods, check-out methods, hosting services, text, and copyright-protected images copied from Zyppah's <zyppah.com> website.

10.     On information and belief, the *registrar* of the domain name <zyppahdirect.com> is GoDaddy.com, LLC. The *registrant organization* of the

domain name is Domains By Proxy, LLC ("DBP"). DBP does not disclose the name of the persons (the *registrants*) who register domain names with their service. DBP's trademark registered with the United States Patent and Trademark Office, Reg. No. 2,814,224, reads as follows: "*Your Identity Is Nobody's Business But Ours,*" and DBP's registration certificate provides that DBP's trademark is "*For: Registration of Domain Names On Behalf Of Others For Identification Of Users On A Global Computer Network, In Class 42 (U.S. CLS. 100 and 101).*" By utilizing the services of DBP, Defendants conceal their names and identities. On information and belief, Defendants will continue to register new Internet stores using the domain name <zyppahdirect.com>, as well as other unknown fictitious names and addresses, for the purpose of selling counterfeit Zyppah products unless temporarily, preliminarily, and permanently enjoined. However, Defendants use at least the name Zyppah Direct to conduct their counterfeit businesses.

11. Defendants DOES 1 through 50, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Zyppah. When their true names and capacities are ascertained, Zyppah will amend this first amended complaint by inserting their true names and capacities herein. Zyppah is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Zyppah's damages as herein alleged were proximately caused by such defendants.

## IV. DEFENDANTS' UNLAWFUL CONDUCT

12. Defendants engage in the offering for sale and the sale of counterfeit Zyppah products bearing the Zyppah Trademark within this Judicial District through the Defendant Internet Stores. Defendants, upon information and belief,

also operate additional websites and marketplace accounts which promote and offer for sale counterfeit goods under domain names not yet known to Zyppah. Defendants have purposefully directed their illegal activities toward the United States and consumers in the State of California through advertisement, offering for sale, and sale of counterfeit Zyppah products into this State.

13. Defendants, without any authorization or license from Zyppah, have knowingly and willfully used and continue to use the Zyppah Trademark in connection with the advertisement, offering for sale, and sale of counterfeit Zyppah products into the United States and California over the Internet. Each Defendant Internet Store offers shipping to California residents and, on information and belief, each Defendant has sold counterfeit Zyppah products into California.

14. Defendants facilitate sales by designing their websites and/or marketplace listings so that they appear to unknowing consumers to be authorized online retailers or outlet stores selling genuine Zyppah products. The websites are sophisticated in appearance, written in English, and accept payment in U.S. dollars.

15. The Defendant Internet Stores incorporate the Zyppah Trademark into the URL, and includes Zyppah's copyright-protected content, images, and product descriptions, making it very difficult for a consumer to distinguish such counterfeit sites from Zyppah's authorized websites.

16. On information and belief, the Defendant Internet Stores accept payment via credit card and/or PayPal and ship the counterfeit products via the U.S. Postal Service and ecommerce fulfillment centers.

17. Defendants' use of the Zyppah Trademark in connection with the advertising, distribution, offering for sale, and sale of counterfeit Zyppah products, including the sale of counterfeit Zyppah products into California, is likely to cause

and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Zyppah.

18.     The Zyppah Mouthpiece is registered as a Class II medical device with the U. S. Food & Drug Administration ("FDA") for which a prescription is necessary because of serious and sometimes even life-threatening conditions associated with snoring. Defendants and all who facilitate the sales of the counterfeit Zyppah products must be held responsible and must provide Zyppah with information regarding the purchasers of the counterfeit Zyppah products so Zyppah can protect its brand, its business, its affairs with the FDA, and the population at large.

**COUNT I**
**TRADEMARK INFRINGEMENT AND**
**COUNTERFEITING (15 U.S.C. § 1114)**

19.     Zyppah re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 18.

20.     This is a trademark infringement action against Defendants based on their unauthorized use in commerce of counterfeit imitations of the registered Zyppah Trademark in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. The Zyppah Trademark is a highly distinctive mark. Consumers have come to expect the highest quality from Zyppah's products sold or marketed under the Zyppah Trademark.

21.     Defendants have sold, offered to sell, marketed, distributed, and advertised, and on information and belief are still selling, offering to sell, marketing, distributing, and advertising products bearing counterfeit reproductions of the Zyppah Trademark without Zyppah's permission.

22.     Upon information and belief, Defendants have knowledge of Zyppah's rights in the Zyppah Trademark and are willfully infringing and intentionally using counterfeits of the Zyppah Trademark. Defendants' willful, intentional and unauthorized use of the Zyppah Trademark is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the counterfeit goods among the general public.

23.     Defendants' illegal activities constitute trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

24.     Zyppah has no adequate remedy at law, and if Defendants' actions are not enjoined, Zyppah will continue to suffer irreparable harm to its reputation and the goodwill of its well-known Zyppah Trademark.

25.     The injuries and damages sustained by Zyppah have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of counterfeit Zyppah products.

## COUNT II
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

26.     Zyppah hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 25.

27.     Defendants' promotion, marketing, offering for sale, and sale of counterfeit Zyppah products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Zyppah or to the origin, sponsorship, or approval of Defendants' counterfeit Zyppah products by Zyppah.

28.     By using the Zyppah Trademark on the counterfeit products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the counterfeit products.

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
0003.1-ZYP (First Amended Complaint)

29.     Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the counterfeit products to the general public is a violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

30.     Zyppah has no adequate remedy at law and, if Defendants' actions are not enjoined, Zyppah will continue to suffer irreparable harm to its reputation and the goodwill of its Zyppah brand.

**COUNT III**
**CLAIM FOR INJUNCTIVE RELIEF UNDER THE**
**ANTICYBERSQUATTING CONSUMER PROTECTION ACT (15 U.S.C. §**
**1125(d)) AS TO THE DEFENDANTS**
**OPERATING A DEFENDANT DOMAIN NAME INCORPORATING THE**
**ZYPPAH TRADEMARK**

31.     Zyppah hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 30.

32.     Zyppah has the exclusive right to use the Zyppah Trademark. The Zyppah Trademark Registration (Exhibit 1) is in full force and effect. Additionally, the Zyppah Trademark is a famous mark pursuant to 15 U.S.C. § 1125 and was famous before and at the time of the registration of the domain names <zyppahdirect.com>.

33.     Upon information and belief, Defendants have acted with the bad faith intent to profit from the unauthorized use of the Zyppah Trademark and the goodwill associated therewith by registering the domain name <zyppahdirect.com> which is identical to, confusingly similar to, or dilutive of the Zyppah Trademark.

34.     Defendants have no intellectual property rights in or to the Zyppah Trademark.

35.     Defendants' actions constitute cyberpiracy in violation of §43(d) of the Lanham Act, 15 U.S.C. §1125(d).

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
0003.1-ZYP (First Amended Complaint)

36.     Zyppah has no adequate remedy at law, and the registration and use of the domain name <zyppahdirect.com> has caused, is causing, and is likely to continue to cause substantial and irreparable injury to the public and to Zyppah.

### COUNT IV
### VIOLATION OF CALIFORNIA UNFAIR
### COMPETITION ACT (CAL. BUS. & PROF. CODE § 17200)

37.     Zyppah hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 36.

38.     Defendants have engaged in acts violating California law including, but not limited to, passing off their products as those of Zyppah; causing a likelihood of confusion and/or misunderstanding as to the source of their goods; causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with Zyppah's products; representing that their products have Zyppah's approval when they do not; and engaging in other conduct which creates a likelihood of confusion or misunderstanding among the public.

39.     The foregoing Defendants' acts constitute a violation of the California Unfair Competition Action, Cal. Bus. & Prof. Code § 17200, et seq.

40.     Zyppah has no adequate remedy at law, and Defendants' conduct has caused Zyppah to suffer damage to its reputation and goodwill. Unless enjoined by the Court, Zyppah will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

### COUNT V
### CIVIL CONSPIRACY

41.     Zyppah hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 40.

42.     On or about June 25, 2018, Defendants, and each of them, knowingly and willfully conspired and agreed among themselves to:

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

0003.1-ZYP (First Amended Complaint)

a.   Engage in the offering for sale, the sale, and the shipping and delivery, of counterfeit Zyppah products bearing the Zyppah Trademark within this Judicial District through the Defendant Internet Stores;

b.   Without any authorization or license from Zyppah, knowingly and willfully use and continue to use the Zyppah Trademark in connection with the advertisement, offering for sale, and sale of counterfeit Zyppah products into the United States and California over the Internet;

c.   Facilitate sales by designing their websites and/or marketplace listings so that they appear to unknowing consumers to be authorized online retailers or outlet stores selling genuine Zyppah products. The websites are sophisticated in appearance, written in English, and accept payment in U.S. dollars; and

d.   To incorporate the Zyppah Trademark into the Defendant Internet Stores' URL, and include Zyppah's copyright-protected content, images, and product descriptions, making it very difficult for a consumer to distinguish such counterfeit sites from Zyppah's authorized websites.

43.   Defendants, and each of them, did the acts and things herein alleged pursuant to, and furtherance of, the conspiracy and above-alleged agreement.

44.   Defendants, and each of them, furthered the conspiracy by cooperation with or lent aid and encouragement to or ratified and adopted the acts of each of the other Defendants as to each of the actions set forth in Paragraph 42 of this First Amended Complaint.

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
0003.1-ZYP (First Amended Complaint)

45.   Plaintiff is informed and believes and thereon alleges that the last overt act in pursuance of the above-described conspiracy occurred on or about February 24, 2019, on which date an order for a counterfeit Zyppah Mouthpiece sold through the <zyppahdirect.com> website was fulfilled by an ecommerce fulfillment center.

46.   As a proximate result of the wrongful acts herein alleged, Zyppah has been generally damaged.

47.    In doing the things herein alleged, Defendants acted willfully and with the intent to cause injury to Zyppah. Defendants were therefore guilty of malice and/or oppression and/or fraud in conscious disregard of Zyppah's rights, thereby warranting an assessment of punitive damages in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

## PRAYER FOR RELIEF

WHEREFORE, Zyppah prays judgment against Defendants as follow:

1) That Defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a.   using the Zyppah Trademark or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Zyppah product or is not authorized by Zyppah to be sold in connection with the Zyppah Trademark;

    b.   passing off, inducing, or enabling others to sell or pass off any product as a genuine Zyppah product or any other product produced by

Zyppah that is not Zyppah's or not produced under the authorization, control, or supervision of Zyppah and approved by Zyppah for sale under the Zyppah Trademark;

c.      committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Zyppah, or are sponsored, approved by, or connected with Zyppah;

d.      further infringing the Zyppah Trademark and damaging Zyppah's goodwill;

e.      otherwise competing unfairly with Zyppah in any manner;

f.      shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Zyppah, nor authorized by Zyppah to be sold or offered for sale, and which bear any Zyppah trademark, including the Zyppah Trademark or any reproductions, counterfeit copies, or colorable imitations thereof;

g.      using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Stores, the Online Marketplace Accounts, the domain name <zyppahdirect.com>, or any other domain name or online marketplace account that is being used to sell counterfeit Zyppah products; and

h.      operating and/or hosting websites at the domain name <zyppahdirect.com>  and any other domain names registered or operated by Defendants that are involved with the distribution,

marketing, advertising, offering for sale, or sale of any product that is not a genuine Zyppah product or not authorized by Zyppah to be sold in connection with the Zyppah Trademark; and

2) That Defendants, within fourteen (14) days after service of judgment with notice of entry thereof upon them, be required to file with the Court and serve upon Zyppah a written report under oath setting forth in detail the manner in which Defendants have complied with paragraph 1, a through h, supra;

3) Entry of an Order that the domain name registries for the domain name <zyppahdirect.com>, namely, GoDaddy.com, LLC, and Domains By Proxy, LLC, within two (2) business days of receipt of this Order, shall unlock and change the registrar of record for the domain name <zyppahdirect.com> to a registrar of Zyppah's selection until further ordered by this Court, and that the domain name registrars take any steps necessary to transfer the domain name <zyppahdirect.com> to a registrar of Zyppah's selection until further ordered by this Court;

4) Entry of an Order that, upon Zyppah's request, those in privity with Defendants and those with notice of the injunction, including any online marketplaces, Internet search engines, Web hosts, social media websites, domain-name registrars, and domain name registries that are provided with notice of the injunction, cease facilitating access to any and all websites and accounts through which Defendants engage in the sale of counterfeit products bearing the Zyppah Trademark;

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

0003.1-ZYP (First Amended Complaint)

5) That Defendants account for and pay to Zyppah all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged and that the amount of damages for infringement of the Zyppah Trademark be increased by a sum not exceeding three times the amount thereof as provided by law;

6) In the alternative, that Zyppah be awarded statutory damages pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every use of the Zyppah Trademark and $100,000 per domain name pursuant to 15 U.S.C. § 1117(d);

7) For exemplary or punitive damages;

8) That Zyppah be awarded its reasonable attorneys' fees and costs; and

9) Award any and all other relief that this Court deems just and proper.

Dated: May 16, 2019

LAW OFFICES OF STEVEN D. RUBIN
A PROFESSIONAL CORPORATION

By:___/s/  Steven Rubin_____
    Steven Rubin, Esq., Attorney
     for Plaintiff Zyppah, Inc.

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

0003.1-ZYP (First Amended Complaint)

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: May 16, 2019

LAW OFFICES OF STEVEN D. RUBIN
A PROFESSIONAL CORPORATION

By:___/s/ Steven Rubin_____
Steven Rubin, Esq., Attorney
for Plaintiff Zyppah, Inc.

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

0003.1-ZYP (First Amended Complaint)